IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH JINGLES, A/K/A JOEY JINGLES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-4867 |
| | § | |
| R. GLENN SMITH, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

### ORDER OF DISMISSAL

Plaintiff, a state inmate proceeding *pro se*, files this section 1983 lawsuit alleging violations of his civil rights. He requests leave to proceed *in forma pauperis* (Docket Entry No. 2). The Court has screened this lawsuit as required under 28 U.S.C. § 1915A, and DISMISSES the lawsuit for the reasons that follow.

*Background and Claims*

Plaintiff states that, on October 24, 2010, he was taken to the Waller County Jail and placed in a holding cell. He claims that the concrete floor of the holding cell caused him pain in his right hip, and that he was given ibuprofen for the pain by Dr. Berry. Plaintiff complains that Dr. Berry refused to order x-rays or give him stronger pain medication, and that jail officers refused to classify his medical needs as an "emergency" and call an ambulance.

Plaintiff seeks a hospital transfer for "proper medical attention," a hip replacement, better pain medications, and monetary damages.

*Analysis*

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

To establish an Eighth Amendment claim for deliberate indifference, an inmate must establish that prison officials or medical care providers had subjective knowledge of a substantial risk to his health, and that they responded with deliberate indifference to that risk. *Farmer v. Brennan*, 511 U.S. 825, 827 (1994). That is, the inmate must present evidence that prison officials or medical care providers refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for his serious medical needs. Deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Id*. at 835. It is not sufficient that the defendants should have known of a substantial risk; they must have actual knowledge of the risk and ignore it. In sum, the prisoner must prove that officials knew of and disregarded an excessive risk of

injury to him, and that they were both aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they drew that inference. *Id*. at 837.

Plaintiff's pleadings show that he has been afforded medical care, but that he disagrees with the medical care he received. An inmate's disagreement with his medical care does not establish a constitutional violation. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Accordingly, plaintiff's complaint that he was denied x-rays, stronger pain medication, or an ambulance fail to state an Eighth Amendment violation.

## *Conclusion*

This lawsuit is DISMISSED for failure to state a claim. All pending motions are DENIED AS MOOT. This dismissal constitutes a "strike" under section 1915(g) for purposes of proceeding *in forma pauperis*.

The Clerk will provide a copy of this Order to the parties; to the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three-Strike List Manager.

Signed at Houston, Texas, on March 10, 2011.

_____
Gray H. Miller
United States District Judge